833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cathy L. CALLAHAN, Plaintiff-Appellant,
v.
CITY OF NORFOLK, Defendant-Appellee.
 No. 87-1093.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1987.
Decided Nov. 5, 1987.
 
 Cathy L. Callahan, appellant pro se.
 Harold Phillip Juren, Deputy City Attorney, for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed for failure to prosecute or to comply with a court order. The district court dismissed Cathy Callahan's employment discrimination action pursuant to the rule.* Under the facts of this case, which reveal Callahan's flagrant refusal to comply with court orders, the dismissal was not an abuse of discretion. We therefore affirm.
 
 
 2
 Callahan failed to appear at both an attorneys' conference and a pre-trial conference scheduled for March 6, 1987 and March 20, 1987, respectively. On March 20, 1987, Callahan was warned by court order that failure to appear at future proceedings would result in dismissal of her lawsuit. The March 20 order rescheduled the attorneys' conference and the final pre-trial conference. Additionally, a hearing on certain discovery matters was scheduled for March 30, 1987 before a U.S. Magistrate.
 
 
 3
 Callahan appeared at neither the hearing before the magistrate nor the attorneys' conference. She was more than one hour late for the second pre-trial conference, at which time she informed the court that she would not appear at the April 13, 1987 trial. When Callahan did not appear for trial, the action was dismissed. This was not an abuse of discretion.
 
 
 4
 As our review of the record and other materials before us indicate that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Although the final order specifies that the dismissal was pursuant to Fed.R.Civ.P. 42(b), that rule deals with separate trials. Clearly, the dismissal in this case was pursuant to Rule 41(b)